Coite *v.* Lynes.

⟨—◇—⟩

GABRIEL W. COITE, TREASURER, *vs.* SAMUEL LYNES, ADMINIS-TRATOR.

At common law the deputy of the sheriff is regarded as his servant or agent, and the sheriff is liable for every act of the deputy done "*colore officii.*"

In this state the relation is regulated by statute, and the deputy is made substantially an independent officer; and the liability of the sheriff for the acts of his deputy is limited to his "neglects and defaults" to the injury of the parties to the suit.

Therefore where a deputy sheriff, by the direction of a plaintiff in a suit, wrongfully took the property of a third person, claiming it to be the property of the defendant in the action, and such third person recovered judgment against the deputy therefor, and then sued the bond of the sheriff given to the treasurer of the state to recover the amount of the judgment out of the sheriff, it was holden that the act of the deputy was not a "neglect, default or misfeasance" within the true construction of the statute or the condition of the bond given by the sheriff to the state.

A claim against a sheriff for the neglect or default of his deputy is presentable against his estate; and, if not presented in time, will be barred by the general statute.

DEBT brought in the name of the treasurer of the state on a bond given by Jacob A. Van Zandt, as sheriff of the county of Fairfield, against the defendant as administrator of his estate.

The declaration set out the condition of the bond, which was as follows :—

" The condition of the said obligation is such, that whereas the said Jacob A. Van Zandt has been, by the electors of Fairfield county, duly appointed sheriff of said county for three years from and after the first day of June, 1857, according to the provisions of the constitution and laws of the state of Connecticut, and has accepted said appointment and undertaken the obligations and duties incident to said office ; now, if the said Jacob A. Van Zandt shall faithfully discharge the duties of said office, and answer all damages which any person or persons may sustain by any unfaithfulness or neglect in the same, during said term of three years, then this obligation to be null and void ; otherwise to be and remain in full force, power and virtue in law."

The declaration then alleged that during the term covered by the bond one Granville W. Morris was a deputy of Van Zandt as sheriff, and while such deputy received two writs of attachment to serve against one Fanton in favor of one Allen G. Brady, with directions from Brady to attach certain personal property as the property of Fanton ; that the deputy did so attach and take possession of the property ; that the property so attached did not belong to Fanton but to one Josiah P. Knapp ; that Knapp brought an action of trespass therefor against Morris the deputy and Brady, and recovered judgment for $700 damages, and $116.61 costs of suit ; that demand had been made on the execution issued on the judgment upon both Morris and Brady, but that they had neglected to pay and no estate of either could be found on which to levy ; that the judgment still remained wholly unsatisfied ; that a claim upon the judgment had been presented to the defend-

ant as administrator on the estate of Van Zandt, who had died since the acts of his deputy before stated ; that the defendant refused to make payment, and that so the bond of Van Zandt was broken.

The case was tried in the superior court, on the general issue, with notice, closed to the court, before *Park*, J., who found the issue for the plaintiff. The defendant then moved in arrest of judgment for the insufficiency of the declaration, and for a new trial for errors in certain rulings of the court, the former of which motions was reserved with the other for the advice of this court. The points made upon the latter motion it is unnecessary to state.

*Carter* and *Taylor*, in support of the motions.

1. There is no cause of action set forth in the plaintiff's dec. laration. The statute (Revision of 1866, p. 670, sec. 5th,) requires the sheriff to give bonds with surety with the condition therein prescribed. This condition neither expressly nor impliedly makes the sheriff and his sureties liable for the amount of a judgment and costs recovered against his deputy, much less against a deputy and third persons. Not unlikely a large part of that verdict of $700 was for smart money on account of the misconduct of Brady.

2. The 17th section (p. 673,) provides for the liabilities of the sheriff's bondsman after his decease, but not in a case like this.

3. The action should have been brought against the sheriff on the original cause of action, for which he was liable if at all, as in *Morgan* v. *Chester*, 4 Conn., 387. See also *Campbell* v. *Phelps*, 1 Pick., 62, 66. It accrued in his life time, but if otherwise his administrator would have been liable. *Dayton* v. *Lynes*, 30 Conn., 351.

4. A sheriff's bond is unknown to the common law. It is a creation of the statute, and should be confined to the statute liability. The sheriff is liable for the acts of his deputies in their official capacity, but he is not a guarantor that judgments against them shall be collectible. Much less when the judgment is against a deputy and third persons. And cer-

tainly he can not be liable where the act of the deputy is a trespass upon the rights of a third person and not a neglect or default in his office.

*Hawley* and *Averill,* with whom was *Brewster,* contra.

The defendant is liable on the bond. By the very terms of the statute the sheriff is liable on it for his own unfaithfulness or neglect for damages sustained by any person. Revision of 1866, p. 670, sec. 5th; *Spencer* v. *Watkinson,* 11 Conn., 15; *Skinner* v. *Phillips,* 4 Mass., 68, 75; *Dayton* v. *Lynes,* 30 Conn., 357. He is equally liable on it for the default of his deputies. The statute (p. 672, sec. 13,) makes him responsible for their neglect and default. The sheriff's duties embrace those of the deputy. They are the same duties of the same officer. The deputies exercise no power but his and have no other power. *Woodgate* v. *Knatchbull,* 2 T. R., 154; *Ackworth* v. *Kempe,* Doug., 42; *Parrott* v. *Mumford,* 2 Esp., 585; *Marshall* v. *Hosmer,* 4 Mass., 60; *Grinnell* v. *Phillips,* 1 id., 530; *Campbell* v. *Phelps,* 17 id., 271; 2 Saund. Pl. & Ev., 791; 1 Chitty Pl., 69, 73; *Knowlton* v. *Bartlett,* 1 Pick., 271. His liability on the bond must be coextensive with his common law liability. The bond is given as a cumulative remedy, secured by sureties who are liable only on the bond. The statute (Revision of 1866, p. 673, sec. 17,) expressly makes the misconduct of the deputies a *breach of the bond.* The case of *Dayton* v. *Lynes* settles the question that the sheriff, and his estate after his death, are liable at common law, and must be liable to the same extent on the bond, as that furnishes a cumulative remedy. Per Sanford, J., 30 Conn., 237; Revision of 1866, p. 21, sec. 95. The sheriff is surely no less liable for his deputy because he was assisted by another person, a servant, though the plaintiff sued both. The act of attaching under process was the act of the deputy only. He returns it as his act, and that return binds the sheriff. *Gardner* v. *Hosmer,* 6 Mass., 325.

Butler, J. The question involved in the issue made by the motion in arrest is the same as that made by the first

ruling of the court.   It is whether a  sheriff is liable on  his bond for the malfeasance of his deputy.   In  the case set out in the declaration, in which the tort was committed, the deputy, at the direction and  request of the plaintiff,  went out of  his line of  duty and  the command in  his precept and took the property of a third person not  named in the writ and execution.   The direction of  the plaintiff saved the deputy from liability over to him, and  the act was not one of  neglect or default,  for there was no omission of  duty.   But he went beyond his authority, whether  by the mistake  or wantonness of  the plaintiff who directed  him  does not appear, and committed  a trespass on a third  person.   In  England and some of  the states of this  country the sheriff would be liable for the act, and he alone could be sued, because the common law recognizes the deputy as only the agent or servant of the sheriff, and the act was done " colore  officii."   But in this state the deputy is made substantially an  independent officer, and  can be sued  alone primarily for his torts ;  and  independently of the statute the sheriff is not liable for them.  It does not consist with justice, or  the analogies of  the law, to  clothe  a deputy with all the independent  power given  him  by our statutes, and direct a writ to him to serve independently of the sheriff, and hold the sheriff liable for the malfeasances of the deputy, unless the statute  requires it, or  to any greater  extent than the statute requires.   Hence  Judge  Sanford, in  giving  the opinion in *Dayton* v. *Lynes*, 30  Conn., 356, said :—" A deputy sheriff duly appointed and approved now executes all  the duties of his office entirely independent of the sheriff, and not as his bailiff or servant.   Writs may be directed to him alone without naming the sheriff, and by the  express  provisions of the statute he has the same  powers as the sheriff himself. The negligencies and defaults of the deputy, therefore, so acting independently of the sheriff on his own authority derived from the law itself, and not from  the  sheriff, ought not to be considered and treated as the personal torts or defaults of the sheriff ; and hence we suppose the express provisions of  the statute making him responsible for them were enacted by the legislature."   It follows logically from these facts and doc-

trines that the sheriff is liable by force of the statute only, and to the extent that the statute makes him liable and no farther. We turn then to the statute to ascertain the liability of the deputy to the sheriff, and that of the sheriff on the bond which lies at the foundation of this action.

The provision which required the sheriff to give the bond in question and prescribes the condition, is found on page 790, sec. 5th of the compilation of 1854, (Revision of 1866, p. 670,) and the language is, " conditioned that he will faithfully discharge the duties of his office and answer all damages which any person may sustain by his unfaithfulness or neglect in discharging said duties; " and the condition of the bond given in this case is a substantial compliance, for it is that the bond shall be void if he "faithfully discharge the duties of the said office and answer all damages which any ·person or persons may sustain by any unfaithfulness or neglect in the same." The provision in the 13th section which imposes the liability on the sheriff for the acts of the deputy is, that " sheriffs shall be responsible for the neglect and default of their deputies in the execution of their office," and in sec. 17, in connection with a provision for the continuance of the powers and liabilities of deputies and jailors after the death of a sheriff until another is appointed and qualified, it is further provided that " the defaults and misfeasances of such jailors and deputy sheriffs after the decease of the sheriff, shall be a breach of the bond executed by such sheriff for the faithful administration of his office." These three sections contain all that relates to the subject. The language of the first is " unfaithfulness and neglect; " of the second, and the original provision respecting deputies, " neglect or default ; " and of the third, " defaults and misfeasances." The latter was enacted in 1804, and originally contained the words " as well as before," which were omitted by the revisors in 1848. In *Dayton* v. *Lynes*, 30 Conn., 357, Judge Sanford expressed the opinion that they were dropped because deemed immaterial, and in that opinion we concurred. For a misfeasance strictly is a default in not doing a lawful act in a proper manner—omitting to do it as

it should be done—while a malfeasance is the doing of an act wholly wrongful and unlawful, and non-feasance is an omission to perform a required duty at all, or total neglect of duty. Bouvier's Law Dict., *in verba.* The term misfeasance is often carelessly used to describe a malfeasance, but construing the statutes together, as we must, and looking to the words originally inserted and dropped, it seems clear that the legislature did not intend to extend the liability of sheriffs, even in the particular contingency contemplated in the 17th section, beyond that provided in the original act which makes both sheriff and deputy liable for " neglects and defaults " only.

The liability of the sheriff then on his bond for the misconduct of his deputies, is for their *neglects* and *defaults* to the injury of the parties to the suit, and does not embrace a wilful or mistaken trespass in taking the property of a third person to the injury of such person only, although done under color of office and attempted to be justified by process. A different rule prevails in Massachusetts, as appears by the cases cited, but their statute makes the sheriff " responsible for all his deputies " generally and without limitation, and for all their conduct under color of office, as at common law, while ours limits that responsibility to neglects and defaults.

We are therefore of opinion that sheriff Van Zandt was not liable for the torts committed by deputy Morris upon the plaintiff and that judgment must be arrested because the declaration does not show a sufficient cause of action.

As this disposes of the case it is unnecessary to examine the other rulings. It may however be well to add, that if we were of opinion that the claim was valid we should hold that it was one which could have been legally presented against the estate of the deceased sheriff and was barred because not presented in time.

A new trial is advised.

In this opinion the other judges concurred ; except PARK, J., who having tried the case in the court below did not sit.