PEOPLE ex rel. SEAMAN v. COCKS et al., Board of Sup'rs of Nassau
County.

(Supreme Court, Appellate Division, Second Department.   March 29, 1912.)

HIGHWAYS (§ 93*)—COUNTY SUPERINTENDENT—REMOVAL FROM OFFICE—MAL-
FEASANCE.

> It is not malfeasance in office, for which, under Highway Law (Consol.
> Laws 1909, c. 25) § 30, a county superintendent of highways may be re-
> moved by the county supervisors, that he presents to a town, and has
> paid, a personal bill for preparing, under employment by it, plans and
> specifications for an avenue therein, the work on which was done by his
> private employés in his business of civil engineer; as not only under
> sections 33, 48, relative to his duties, is the county superintendent under
> no absolute duty to do such work, but, even if he cannot legally present
> a claim against the town, such action would be wrongful to the town
> only, whereas the malfeasance justifying his removal must be such as
> affects his performance as county superintendent; and he having at
> most misconceived his rights, in supposing there was no legal objection
> to his rendition of the account, which affords no ground for a conclu-
> sion of malfeasance.
>
> [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 304–307;
> Dec. Dig. § 93.*]

Certiorari on the relation of William H. Seaman against James H.
Cocks and others, constituting the Board of Supervisors of the County
of Nassau, to review their determination in removing relator from
the office of County Superintendent of Highways.   Determination an-
nulled, and relator reinstated.

Argued before JENKS, P. J., and HIRSCHBERG, WOOD-
WARD, BURR, and RICH, JJ.

M. Linn Bruce (John J. Graham, on the brief), for relator.
Harry W. Moore, for respondents.

PER CURIAM.  The relator was found guilty of charges and re-
moved by the board of supervisors of the county of Nassau from his
office as county superintendent of highways of that county, pursuant
to section 30 of the Highway Law (Consol. Laws, c. 25), for malfea-
sance in office by reason of the receipt of certain moneys from the
town of North Hempstead in said county.   That town adopted a prop-
osition to macadamize an avenue in the town, and thereupon the re-
lator, a civil engineer by profession, was employed and was retained
at the instance and request of the town superintendent of highways to
prepare plans and specifications for the improvement.   He did so, and
his work was accepted.   He presented a bill therefor, made out to
him personally, which was approved by the town superintendent and
paid by order of the town board.   This action was the sole ground
of removal.

We find nothing in the Highway Law which in terms prohibits the
county superintendent from practice of his profession as a civil engi-
neer, or which in terms prohibits the person who is the occupant of
that office from doing such work personally for the town.   The
learned counsel for the respondents calls attention to certain provi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

sions of section 33 of the Highway Law, which prescribes the general powers and duties of such officer, which provide that he shall have general supervision of the work of constructing, improving and repairing bridges and town highways in his district or county, and that he shall approve the plans, specifications, and estimates for the construction and maintenance of town highways. And he also points out section 48, which provides that the contracts for town highways shall be awarded by the town superintendent in accordance with estimates, plans, and specifications to be furnished by the district or county superintendent or by the commission as provided in this chapter, which in turn refers to the provision of subdivision 5 of section 15, that reads:

"Cause plans, specifications and estimates to be prepared for the repair and improvement of highways and the construction and repair of bridges, when requested so to do by a district, county or town superintendent."

We agree with the learned Attorney General of the state, whose opinion is returned with the record, in his conclusion as follows:

"Construing the statute as a whole, I am of the opinion that no absolute duty rests upon the county superintendent to prepare and furnish plans, specifications, and estimates for the repair and improvement of strictly town highways, but that the statute contemplates that he may in a proper case decline to do so and call upon the highway commission to provide the same. Inasmuch as the means is afforded by the statute for procuring such plans, specifications, and estimates without expense to the town, it would seem to be quite clear that he may not voluntarily perform such services and thereby create a charge against the town."

But if the relator could not legally present a claim against the town for such work done under retainer or voluntarily, such action would be wrongful to the town only.

The malfeasance that justifies this removal must be such as affects his performance as county superintendent. The officer must be separated from the man. See Mechem on Public Officers, § 457. The removal rests specifically upon the naked act. It is not asserted that in any way the relator used or abused his office as county superintendent in this work that was done. On the contrary, he asserted before the board without contradiction or demur that the bills were for expenses actually paid out by him for his personal employés (engineers, draftsmen, office force); that the entire engineering work was honestly done by that office force; and that the bills rendered did not include any of his personal service as county superintendent.

Suppose that the law should be construed to *require* the county superintendent to provide such plans and specifications. There is no suggestion that he had any county or town employé under his control whose duty it was to do the work. It would follow, then, that either the county superintendent must himself do it all or might employ such outside force as would be required for that purpose. It would seem almost absurd to conclude that an office charged with so many and multifarious duties in connection with improvements throughout the county must exclusively perform such work in every detail thereof by his individual labor—not to speak of the remuneration of $1,800 a year. If, on the other hand, the law should be construed to permit

the employment of assistants, then for aught that appears the relator has done no more than this, and the fact that he personally presented a bill therefor to the town authorities would hardly be a malfeasance in his county office.

But there is a further consideration. "Malfeasance" is the doing of an act which is "positively unlawful or wrongful" (Century Dictionary), which one ought not to do at all (Bell v. Josselyn, 3 Gray [Mass.] 309, 63 Am. Dec. 741). It is an act wholly wrongful and unlawful (Coite v. Lynes, 33 Conn. 109), and in Stokes v. Stokes, 23 App. Div. 558, 48 N. Y. Supp. 722, it is said that a misconception of one's rights affords no ground for a conclusion of malfeasance. We think that upon the record the evidence indicates that the relator at worst but misconceived his rights, in that he supposed that there was no legal objection to his rendition of this account for such work.

The writ should be sustained, the proceeding annulled, and the relator should be reinstated, but without costs.