In the Matter of the Application of HARRY W. CREGIER for a
Certiorari Order against HARRY P. CASSIDY and Others, Con-
stituting the Board of Supervisors of the County of Schenectady,
New York, and Another.

Third Department, June 19, 1923.

Certiorari — proceedings to review action of board of supervisors in
removing county superintendent of highways under Highway Law,
§ 30 — charges were not specific — bill of particulars and short adjourn-
ment were refused — trial was unfair.

The proceedings had before the board of supervisors of the county of Schenectady,
under section 30 of the Highway Law, for the purpose of removing the petitioner
from the office of county superintendent of highways were unfair, since the
charges preferred against him were not specific, a bill of particulars was denied
at the opening of the hearing, and he was refused a short adjournment of the
proceedings which he requested for the purpose of enabling him to procure
witnesses to meet the charges made against him.

Furthermore, the proof is of a most unsatisfactory character and so far as it
shows any improper, wrongful or illegal act upon the part of the petitioner,
the act is of such a character that it might well have been explained had he
been given an opportunity to secure witnesses.

CERTIORARI ORDER granted out of the Supreme Court at the
Washington Special Term on the 24th day of April, 1923, and
entered in the office of the clerk of the county of Schenectady,
directed to Harry P. Cassidy and others, constituting the board
of supervisors of the county of Schenectady, New York, command-
ing them to certify and return to said clerk's office all and singular
their proceedings had in relation to the dismissal of the petitioner
from the position of superintendent of highways of the said county.

*Strong & Golden* [*Arthur S. Golden* of counsel], for the petitioner.

*John E. Kelly,* for the respondents.

VAN KIRK, J.:

The petitioner was the superintendent of highways of the county
of Schenectady. Charges were preferred against him and he was
notified to appear before the board of supervisors at the court
house in the city of Schenectady on the 16th day of April, 1923, at
seven-thirty o'clock P. M. This proceeding was conducted under
section 30 of the Highway Law (as amd. by Laws of 1910, chap.
567), which provides that " the board of supervisors of any county
may appoint a county superintendent * * * and may remove
such county superintendent for malfeasance or misfeasance in office,
upon written charges, after an opportunity to be heard, not less

than five days after the service upon such superintendent of a copy of such charges." The written charges in this case were of the most general character. They in nowise informed the petitioner of any specific malfeasance or misfeasance in office, the nature or kind of wrongful or illegal act he was charged with doing, or the time or place any such act was done. At the opening of the hearing the petitioner asked for a bill of particulars. This was refused and evidence was taken, which in our view of the case we need not review specifically. It is sufficient to say that the proof is of a most unsatisfactory character and, so far as it showed any apparently improper, wrongful or illegal act upon the part of the petitioner, the act is of such character that it might well have been explained had he been given an opportunity to procure witnesses. (See *People ex rel. Seaman* v. *Cocks*, 149 App. Div. 883, 886.) A malfeasance involves a corrupt intent. (*Stokes* v. *Stokes*, 23 App. Div. 552.) It was charged that he loaned a tractor, belonging to the county of Schenectady, to a private concern, the Walker Construction Company. There is no satisfactory proof that the tractor belonged to the county of Schenectady, although it was in its possession for use. The proof does not disclose what work the Walker Construction Company was doing, but it is stated that the tractor was used by them in grading; whether this was public highway work or private work is not disclosed. There was some proof that at some time this tractor was out of repair, and, when taken down, it was found that new parts (what they were is not disclosed) were necessary to make the repairs; and there is no credible evidence that delay in getting the new parts was not the cause for the delay in making the repairs. An automobile belonging to the county was not promptly lettered; the petitioner had been directed to have it lettered. The record does not disclose the cause of the delay; perhaps there is a reasonable explanation if opportunity to make it were given.

The hearing lasted until about ten-thirty in the evening. When the prosecution rested the petitioner asked for an adjournment for one week, in order that he might have opportunity to procure witnesses and make reply to these charges, the nature and character of which with any definiteness was for the first time disclosed to him during the hearing. Motion was made by a member of the board to grant an adjournment for one week, but this motion was lost and, after a recess of a few moments, a resolution was passed sustaining the charges and dismissing the petitioner from his office. In our view this petitioner did not have a fair hearing. He was in fairness entitled to a bill of particulars or more specific charges. He had been in office a number of years and it was

impossible for him to anticipate or guess from the written charges presented what act would be urged against him as being wrongful, unlawful or neglectful. He was denied a fair trial when his request for more specific charges was refused and when he was refused the short adjournment which he asked. Had either request been granted, the denial of the other would have been less unfair.

The determination of the board of supervisors should be annulled and the proceedings remitted for further action, with direction that this petitioner is entitled to have the charges against him made more specific and is entitled to a reasonable opportunity to procure witnesses in his defense.

H. T. KELLOGG, Acting P. J., HINMAN and HASBROUCK, JJ., concur.

Determination annulled, with fifty dollars costs and disbursements, and proceedings remitted to the board of supervisors for further consideration in accordance with the opinion.