In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of RICHMOND WEED, as Sole Acting Trustee of the Trusts Created under the Last Will and Testament of S. VERNON MANN, Deceased. BROOKLYN TRUST COMPANY, Substituted Committee, etc., of MARJORIE I. MANN, an Incompetent Person, and WILLIAM H. ROBBINS, Special Guardian of MARJORIE I. MANN and DOROTHY V. MANN, Incompetent Persons, Appellants; RICHMOND WEED, Respondent.— Decree of the Surrogate's Court of Suffolk county overruling objections to the intermediate account of Richmond Weed, as trustee under the will of S. Vernon Mann, deceased, and judicially settling the account, affirmed, without costs. In our opinion the respondent, by transferring title to the securities to the brokerage firm of which the respondent's cotrustee was a member and at the same time surrendering possession entirely to the cotrustee, was guilty of negligence. The exculpatory clause in the will, however, provides and directs that the trustees shall not be charged for any act of management of the estate except such as shall be willful malfeasance in the performance of their duties. A testator may, by the terms of his will, limit the liability of his executors or trustees. (*Crabb* v. *Young*, 92 N. Y. 56.) Willful malfeasance involves a corrupt intent. (*People* v. *Malone*, 156 App. Div. 10; *Wass* v. *Stephens*, 128 N. Y. 123; *Hewitt* v. *Newburger*, 141 id. 538; *Matter of Cregier* v. *Cassidy*, 205 App. Div. 774; *Stokes* v. *Stokes*, 23 id. 552.) It is not claimed in this case that the respondent had any corrupt intent. It is perfectly clear that he had not, and this fact, in our opinion, relieves him of liability. Lazansky, P. J., Adel and Close, JJ., concur; Carswell and Davis, JJ., dissent. We concur except as to the interpretation of the exculpatory clause. It is in a sentence which relates to investments. The testator contemplated that neither trustee should be held for acts in reference to investments but he undoubtedly contemplated that one trustee should be a check upon the other as to matters outside the field of choice and management of investments. The testator did not contemplate having his estate deprived of this check of one upon the other, outside the field of investment, so as to sanction one trustee's abdicating his functions to the extent of enabling the other trustee to steal the estate. Hence, the objections should be sustained.