(64 App. Div. 404.)

## FITZSIMMONS v. RYAN.

(Supreme Court, Appellate Division, Second Department.   October 4, 1901.)

CONTEMPT—FINES—SUPPLEMENTARY PROCEEDINGS.

Under Code Civ. Proc. § 2284, providing that if an actual injury has been produced to a party to a special proceeding by reason of the misconduct proved against the offender, a fine sufficient to indemnify the aggrieved party must be imposed and paid over to the aggrieved party, a fine properly included the costs of the supplementary proceedings, where the defendant violated an injunction rendered in proceedings supplementary to execution.

Appeal from special term, Kings county.

Proceedings by Catherine Fitzsimmons against John E. Ryan. From an order adjudging defendant to be in contempt for failure to obey an injunctional order, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John T. Griffin, for appellant.

John A. Taylor, for respondent

WOODWARD, J.   The defendant, having been served with an injunction order in proceedings supplementary to an execution, disregarded such order, and paid over to one of his creditors the sum of $60.   Upon the return of an order to show cause why the defendant should not be punished for a contempt of court, it was adjudged that "the said John E. Ryan is guilty of a contempt of this court in having willfully disobeyed the injunction order made in this action on the 9th day of May, 1901, in that he paid out the sum of sixty ($60) dollars belonging to him, and in his possession," and "that said misconduct of said John E. Ryan was calculated to, and actually did, defeat, impair, impede, and prejudice the rights and remedies of the plaintiff herein, to her actual loss or injury in the sum of sixty ($60) dollars." The court levied a fine of $60, with $30 costs of the supplementary proceedings, with $10 costs on the motion, which was directed to be paid to the plaintiff or her attorney; the defendant to be committed to the county jail of Kings county until the same was paid.   The defendant appeals from the order entered, and urges that the order is defective in that it imposes the sum of $30 costs of supplemental proceedings as an additional fine, without specifying a time within which such costs should be paid.   We think the appellant has mistaken the controlling section of the Code of Civil Procedure, and that the order is not defective.   Section 2455 of the Code of Civil Procedure relates to the costs awarded in the supplementary proceedings, but the present matter relates to the contempt of court, and section 2284 provides that "if an actual loss or injury has been produced to a party to an action or special proceeding, by reason of the misconduct proved against the offender, and the case is not one where it is specially prescribed by law that an action may be maintained to recover damages for the loss or injury, a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected and paid over to the aggrieved party, under the direction of the court."   A fine

sufficient to indemnify the aggrieved party in this instance would be the amount of money improperly diverted through the disregard of the order of injunction, with the costs in the supplementary proceeding, which the court placed at $30. See Reynolds v. Gilchrest, 9 Hun, 203; Brett v. Brett, 33 Hun, 547, 549.

We think the facts adjudicated by the court were sufficiently established, and that the defendant owed the duty of obedience to the order.

The order appealed from should be affirmed, with costs. All concur.

Argued before WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.