GROSS et al. v. CONNER et al.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. PLEADING—BILL OF PARTICULARS—RIGHT TO PARTICULARS.

Where the complaint, in an action by a purchaser for the specific performance of a contract for the sale of real estate, alleges that the title tendered by the vendor was subject to a number of violations on file with the various departments in a city, which violations were on file prior to the execution of the contract of sale, and which violations were not complied with at the date set for the closing of the title, and that the premises were also subject to other incumbrances and charges, the vendor is entitled to a bill of particulars specifying the particular violations not complied with and constituting incumbrances at the time title was tendered and rejected.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 954.]

2. SAME.

A vendor, sued for the specific performance of his contract for the sale of real estate, and in the event that specific performance cannot be decreed then for a specific sum as damages, is entitled to a bill of particulars of the damages claimed to have been sustained by the purchaser in consequence of the vendor's failure to perform the contract.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 952.]

Appeal from Special Term, New York County.

Action by Samuel Gross and another against Sarah Conner and another. From an order denying a motion for a bill of particulars, defendants appeal. Reversed and motion granted.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

John E. Donnelly, for appellants.
Joseph Wilkenfeld, for respondents.

LAUGHLIN, J. This is an action by the vendees for the specific performance of a contract for the sale of real property, and, in the event that specific performance cannot be decreed, then for $7,500 damages. The plaintiffs allege that the title tendered by the defendants, instead of being free and clear of incumbrances, except those set forth in the contract, was "subject to a number of violations on file with the various departments of the city of New York, which violations were on file prior to the execution of said contract as hereinbefore mentioned, and which violations were not complied with on the date set for the closing of said title, and that said premises were also subject to other incumbrances and charges." The making of the contract was admitted, but the answer put in issue the other material allegations of the complaint. The defendants moved for a bill of particulars of (1) the "violations" and of the "other incumbrances and charges"; (2) the respects in which they refused to comply with the terms and conditions of the contract, and (3) of the items of the $7,500 damages.

We are of opinion that the motion should have been granted as to the first and third demands, and denied as to the second. The demand as to the "violations" was doubtless denied upon the theory that they were matters of record which could be readily ascertained. It is alleged, however, that the violations filed were numerous, and it is not alleged that none of them were complied with so that defendants would understand that complaint was made concerning all of them. The plaintiffs should be required to specify the particular violations which they claim were not complied with and constituted an incumbrance at the time title was tendered and rejected. This will narrow the issue, will enable the defendants to confine their preparation to the things that are to be litigated, and by eliminating things about which there is no controversy should materially shorten the trial. The defendants are also entitled to a bill of particulars of the damages claimed to have been sustained by the plaintiff in consequence of their failure to perform the contract, to the end that they may be able to investigate the facts and be prepared on the trial to meet the evidence.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted as to first and third demands, but without costs. All concur.