MIDTOWN SERVICE Co., INC., Appellant, *v.* WILLIAM F. KOEHLER and MABEL K, ELMER, Copartners Doing Business under the Firm Name and Style of THE CRESCENT TOWEL SUPPLY CO., Respondents.

First Department, May 2, 1941.

*S. John Block* of counsel [*Robert Halpern* with him on the brief], for the appellant.

*Meyer Dvorkin,* for the respondents.

CALLAHAN, J. Plaintiff sues to recover $18,108.90 as damages for breach of a contract whereby defendants promised to pay to plaintiff a percentage of their gross receipts from towel service rendered tenants in two large office buildings in the city of New York from October 1, 1930, to November 30, 1939.

Except to admit the execution of the contract, the defendants' answer denies the material allegations of the complaint.

Under item 1 of the order appealed from, plaintiff has been required to furnish particulars setting forth a list of the tenants in each of the buildings to whom plaintiff claims defendants supplied

service, stating the names and room numbers of such tenants, the dates between which the service was supplied, and whether the service was the kind that defendants themselves furnished, or the kind that had been furnished by a subcontractor. Plaintiff complains that this would require it to furnish particulars of upwards of one hundred thousand transactions covering a period of nine years. Under items II and III plaintiff has been required to serve a bill of particulars setting forth a schedule (giving names, dates and amounts) showing the gross receipts of the defendants and their subcontractors upon which plaintiff claims that a sum in excess of the amount accounted for became due. It has also been required under item V to show how it arrives at the amount claimed to be owing.

Plaintiff, in addition to claiming that the order is unduly burdensome, contends that it is erroneous in two other respects: (1) That it requires plaintiff to give particulars of its general damages, and (2) that it requires plaintiff to furnish the names of witnesses.

The rule against requiring particulars of general damages is not applicable here. (*Gross* v. *Conner*, 114 App. Div. 32; *Kelly* v. *St. Michael's R. C. Church*, 124 id. 505; *Shaw* v. *Stone*, Id. 624.) Nor would the order require the furnishing of names of witnesses, but rather of defendants' customers. Where necessary to show with whom a disputed transaction was had, such items as names of customers are proper. (*Taylor* v. *Security Mutual Life Ins. Co.*, 73 App. Div. 319; *Moore* v. *American Molasses Co.*, 179 id. 505.)

To the extent that plaintiff intends to claim that it has not been paid the required percentage on services supplied by defendants to specific tenants during any particular periods of time, it should furnish the particulars required in item 1 as to such services. On the other hand, if plaintiff intends to proceed on the theory that the sum or sums that it was paid were less than the amount due, based on gross receipts from either of the buildings in any of the various years involved, it should furnish the amounts of such gross receipts, and the dates covered by same, as required by item II. No particulars as to names would seem necessary under this item. Item V seems to be repetitious in view of the other requirements, for compliance with the other items should show how plaintiff's claim of $18,108.90 is made up.

If plaintiff is without knowledge as to any of the details required, it may so state under oath in lieu of furnishing same.

The order, so far as appealed from, should be modified as indicated, without costs, and as so modified affirmed.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order, so far as appealed from, unanimously modified in accordance with opinion, and as so modified affirmed, without costs. Bill of particulars to be served within thirty days after service of a copy of the order with notice of entry thereof. Settle order on notice.