James J. Barrett, P. J.
Section 127 of the Alcoholic Beverage Control Law provides in part as follows:
“ § 127. Surrender and cancellation of licenses; payment of refunds; notice to police officials.
“ 1. If a person holding a license to traffic in alcoholic beverages under the provisions of this chapter, against whom no complaint, prosecution or action is pending on account of any violation thereof, and who shall not have violated any provisions of this chapter during the period for which such license was issued, shall voluntarily, and before arrest or indictment for a violation of this chapter, cease to traffic in alcoholic beverages during the term for which the license fee is paid, such person may surrender such license to the liquor authority for cancellation and refund, provided that such license shall have at least one month to run at the time of such surrender. Such refund shall be computed for full months, less fifteen dollars, commencing with the first day of the month succeeding the one in which such license is surrendered, unless such surrender be on the first day of the month; and at the same time such person shall present to the liquor authority a verified petition setting forth all facts required to be shown by the liquor authority upon such surrender.”
The section further provides in substance, that the amount of the refund due on the license for the unexpired term shall thereupon be computed and a receipt executed showing the name of the person to whom the license was issued, its number and date, the amount of fee paid therefor and the date of surrender for cancellation together with the amount of refund due thereon and the name of the person entitled to receive such refund. The receipt must then be delivered to the person entitled thereto and if within 30 days, the person surrendering the certificate shall be arrested or indicted for a violation, or if proceedings are instituted for the cancellation of the certificate or an action commenced for penalties, the petition cannot be granted until the final determination of the proceedings or action. It further provides that if the petitioner be convicted or the action determined against him, the license shall be can-celled and the refund forfeited, but if acquitted or the action dismissed, or no action brought, then the Liquor Authority must prepare an order for the payment of such refund directed to *130 the Comptroller, to he paid by him upon the surrender of the receipt, provided that unpaid taxes or penalties may be deducted. Obviously, the requirement that a verified petition be presented is for the purpose of furnishing satisfactory proof to the liquor authority that the conditions described in the above-quoted portion of section 127 have been complied with.
Claimant was the owner of such a license and on September 28, 1940, his son surrendered the license to the liquor authority and executed the petition by signing claimant’s name thereto and then verified it in the name of claimant. The liquor authority gave claimant’s son a receipt for the sum of $485, concededly the amount of refund due as computed from said date and a new license was issued in the name of claimant’s vendee. It appears that claimant’s son, by written instrument dated April 6, 1940, was appointed by claimant as his attorney in fact in the operation of claimant’s business. The liquor authority however, had no notice at the time, of the surrender of the license, of the existence of said power of attorney. On October 28, 1940, claimant swore to an affidavit to the effect that in the meantime, he had not been arrested or indicted and that no proceedings had been instituted for the cancellation of the certificate and that an action had not been commenced against him for penalties, as required by said section 127 of the Alcoholic Beverage Control Law. Thereafter, the liquor authority having discovered that the signatures were different, notified claimant to come to the office of the authority and on November 12, 1940, a new petition properly verified by claimant, was executed and claimant surrendered the previously issued receipt in the sum of $485. He was then advised that the amount of the refund was to be computed from November 12, 1940 and that such amount was $285, which claimant declined to accept. Concededly, said amount, at least, is owing claimant and the State is ready to pay the same.
This claim is for damages in the said sum of $485. The State maintains that as the original petition was defective, the amount of the refund was properly computed from the time when a proper petition was presented.
This court has jurisdiction of the claim. (Multer v. State of New York, 178 Misc. 360; Samuel Adler, Inc. v. Noyes, 285 N. Y. 34.)
While it is true that in the body of the original petition the necessary facts- were. stated, it was not signed or verified by claimant himself, nor was it stated in the verification that the *131 the petition, nor was it stated that in verifying it he was acting in his representative capacity. Obviously, therefore, the liquor authority had no proof furnished by claimant at that time of the facts set forth in said section, and which proof was necessary before computing the amount of refund due claimant, if any. If it were known at that time that the petition was not properly verified, the liquor authority would be justified in refusing to accept the surrender of the license.
From reading said section 127, it is apparent that the petition must be the petition of the person holding the license and must be verified by such person. It is provided “ such person shall present to the liquor authority a verified petition setting forth all facts required to be shown by the liquor authority upon such surrender.” Further on in said section, it is provided in substance that if within 30 days from the surrender and the application for refund, the person surrendering such certificate shall be arrested or indicted for a violation of the law or proceedings instituted for the cancellation of the certificate or an action commenced against him for penalties, the petition shall not be granted until the determination of the proceedings and then it provides: “ if the said petitioner be convicted, or said action or proceedings be determined against him, said license shall be canceled and any refund due thereon shall be forfeited ’ ’ and again further on it provides ‘1 if such petitioner be acquitted ” the refund may be made. Clearly, the word “ petitioner ” means the person holding the license because it is obvious that no other person could be charged with the violations' specified in the statute.
The petition required therefore was the petition of claimant to be verified by claimant. Even if it could have been executed by claimant’s attorney in fact, there is nothing appearing on it which shows familiarity with the facts by the attorney in fact or that he was authorized to so execute or that he was acting as agent for claimant. The liquor authority, therefore, was justified in computing the amount due from the time when a proper petition was presented.
The requirement for a verified petition being wholly statutory, there is no power in this court to amend the petition without statutory provision therefor. The order of this court cannot be substituted for a petition properly verified. (Matter of Passero & Sons, 237 App. Div. 638.) The fact that the State has not been prejudiced is immaterial. (Ponsrok v. City of Yonkers, 254 N. Y. 91.) The State’s motion to dismiss the claim should be granted without prejudice, however, to the *132 right of claimant, if desired, to move to reopen the case, providing that the said sum of $285 is not refunded to claimant.