FLORSHEIM SHOE STORE CO., INC., et al., Respondents, v. RETAIL SHOE SALESMEN'S UNION OF BROOKLYN AND QUEENS, LOCAL 287, et al., Appellants.— Appeal by defendants from a judgment granting plaintiffs a permanent injunction. Judgment modified on the law (1) by striking from the first ordering paragraph subdivisions (c), (d), (e) and (g); (2) by inserting in place of subdivision (d) the following: "falsely stating that plaintiffs' employees are on strike and making false, fraudulent, or misleading statements as to whether all of plaintiffs' employees are on strike"; (3) by amending subdivision (f) so as to read: "in any manner coercing plaintiffs' customers"; (4) by striking from subdivision (i) the following: "or directly or indirectly, verbally or in writing, boycotting or requesting others to boycott plaintiffs or their merchandise". As so modified the judgment is affirmed, with costs to appellants. The restraining provisions struck out are in contravention of the Federal Constitution. (*A. F. of L.* v. *Swing,* 312 U. S. 321; *Bakery Drivers Local* v. *Wohl,* 315 U. S. 769; *Cafeteria Union* v. *Angelos,* 320 U. S. 293; *Yoerg Brewing Co.* v. *Brennan,* 59 F. Supp. 625.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Close, P. J., Johnston and Lewis, JJ., concur; Hagarty and Aldrich, JJ., concur in the modification to the extent of striking out subdivision "(e)" of the first ordering paragraph of the judgment, which was not contained in the temporary injunction, but in all other respects dissent and vote to affirm on the authority of *Florsheim Shoe Store Co.* v. *Shoe Salesmen's Union* (288 N. Y. 188). Settle order on five days' notice. [See amended decision *post,* p. 850.]

MOLLIE FURMAN, Respondent, v. ACME MANIFOLDING CO., INC., Appellant.— This is an action upon an assigned claim to recover a commission of 10% on all government business acquired by the defendant emanating from Washington, D. C. Plaintiff's theory is that a commission in the amount stated accrued to her assignor for services rendered as defendant's salesman or representative. Order, insofar as it denies defendant's application for a bill of particulars stating the names of the persons in the government service interviewed or solicited by the plaintiff's assignor, together with the dates of such solicitations, claimed by the plaintiff to have resulted in the awarding of business to the defendant, reversed on the law and the facts, with $10 costs and disbursements, and the motion granted. We are of opinion that the denial of the motion as contained in paragraph "3 (b)" was an improvident exercise of discretion. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.