In the Matter of 67 Liquor Shop, Inc., Petitioner, against John F. O'Connell et al., Constituting the State Liquor Authority of the State of New York, Respondents.

First Department, December 22, 1947.

*Daniel J. Riesner* of counsel (*Julian Jawitz* with him on the brief), for petitioner.

*Charles W. Chattaway* of counsel (*Alvin McKinley Sylvester,* attorney), for respondents.

SHIENTAG, J. Petitioner has been licensed under the State Liquor Authority to engage in the retail liquor business at 67 West 67th Street from 1941 to date. On March 19, 1947, two inspectors of the authority made an examination of the books and records of petitioner. On April 29, 1947, a subpœna duces tecum was served directing that the licensee forthwith produce all the records of its business from December 1, 1946, to March 31, 1947. Such records were physically taken away despite the licensee's protests and have been in the possession of respondent Liquor Authority before and during the entire trial without

an opportunity to the licensee or its attorney to inspect the records.

Nothing further was heard until the licensee received a notice of hearing on June 9, 1947, setting forth charges to the effect (1) that subdivision 8 of section 105 of the Alcoholic Beverage Control Law had been violated in that liquors were transported in a vehicle owned by the licensee without having the licensee's name and address or State liquor license number on both sides of the vehicle; (2) that the licensee violated subdivision 5 of section 100 in that it sold alcoholic beverages on credit; (3) that it violated subdivision 13 of section 105 in that it sold or delivered liquor in quantities in excess of three gallons at one and the same time; (4) that proper and accurate records of the business were not kept as required by subdivision 15 of section 105.

The charges contained no dates, times, places or names of customers and the petitioner demanded a bill of particulars setting forth the times and places of the offenses claimed, who on behalf of petitioner was involved in the transaction and with whom the transactions took place. On June 18, 1947, the following bill of particulars was furnished:

1. On and about March 7, 1947.
2. Motor Vehicle bearing commercial license plate #304604.
3c) During months of December, 1946, to
3e) March, 1947, inclusive.
4c) During months of December, 1946, to
4e) March, 1947, inclusive.

Items 1 and 2 referred to the first charge. The other items related to the remaining charges. Objection was taken at the commencement of the hearing to this bill of particulars but the objection was overruled.

The bill of particulars was hopelessly inadequate and gave no helpful information to petitioner with respect to charges 2, 3 and 4. It is well settled that the accused is entitled to a bill of particulars in an administrative proceeding (*Matter of Cregier* v. *Cassidy,* 205 App. Div. 774; *Matter of Healy* v. *Blount,* 243 App. Div. 675). While there is no need to particularize as to the names of petitioner's employees, this bill should include the names of the customers whose transactions were alleged to be unlawful and the approximate dates (*Midtown Service Co.* v. *Koehler,* 261 App. Div. 785; *Furman* v. *Acme Manifolding Co., Inc.,* 269 App. Div. 757). The refusal of the authority to furnish an adequate bill obviously prevented petitioner from preparing for trial. From the turn the cross-examination took, the lack of a bill was shown to have been highly prejudicial.

Likewise, the respondent acted improperly when it impounded the records of petitioner, scanty though they may have been, and denied him access to them during the trial. The licensee of necessity had to proceed with the trial despite the refusal to give him a real bill of particulars. It would have been folly for him to have refused to go ahead, as the respondent contends he should have done, if aggrieved. There was no excuse for the refusal on the part of respondent to furnish an adequate bill of particulars, especially in view of the fact that it had available substantially all of the information requested, as the result of its investigations, its study of petitioner's records and its examinations of customers of petitioner at private hearings which the authority held before the trial.

It is true that even when they perform quasi-judicial functions administrative agencies have broad powers and the courts have reserved for themselves only a limited review of the determinations of those agencies. However, the principle of the supremacy of the law, which is one of the foundations of a free, democratic government, still survives. In its practical application, that principle calls for a fair trial and it is of the essence of a fair trial that an accused should be advised specifically what he is being charged with.

As to the proof of the first charge, it was established that a sign was inadequately attached to a motor vehicle and fell off and remained off for two or three days. But the violation was shown to have been accidental, not intentional, and caused no misunderstanding or difficulty with any third parties. This harmless unintentional breach of the statute is no ground for finding petitioner guilty on the first charge (*Matter of Standard Food Products Corp.* v. *O'Connell*, 296 N. Y. 52) and this charge should be dismissed.

We shall not consider the sufficiency of the proof with respect to the second, third and fourth charges in view of our ruling that the failure to furnish the petitioner with a proper bill of particulars deprived him of a fair trial. The determination of the State Liquor Authority, accordingly, should be annulled, with $50 costs and disbursements to the petitioner and the matter remanded to said authority for procedure in accordance with this opinion.

PECK, P. J., GLENNON, COHN and VAN VOORHIS, JJ., concur.

Determination unanimously annulled, with $50 costs and disbursements to the petitioner and the matter remanded to the State Liquor Authority for procedure in accordance with opinion. Settle order on notice.