In the Matter of Norman V. Garry, Petitioner, against John Kocialski et al., Constituting the Board of Trustees of the Village of Depew, Respondents.

Fourth Department, July 14, 1955.

*Harry A. Kulowski, Adelbert Fleischmann* and *Louis A. Del Cotto* for petitioner.

*Thaddeus J. Piusienski, Village Attorney (Alonzo G. Hinkley* of counsel), for respondents.

McCurn, P. J. The petitioner became a member of the police department of the Village of Depew in 1939. He became chief of police in 1945 and continued to hold that position until dismissed by the board of trustees of the village after hearing upon written charges made by a taxpayer who is also a member of the board of trustees of the village. The petitioner brings this proceeding to review the determination of the board of trustees of the village dismissing him from his office as chief of police.

The charges were ten in number. The trustees found the petitioner guilty on five of the charges and not guilty on the remaining five. The charges were general in nature each alleging the violation of a particular rule of the police department. Directly involved in some of the charges and underlying the alleged violation of the rule mentioned in other charges is the allegation that petitioner both while on and off duty drank intoxicating liquors and became intoxicated. Nowhere in any of the charges is there specified any particular occurrence or incident constituting a violation of the rules, nor is there set forth in any of the charges the time or place of such alleged violation.

Prior to the hearing the petitioner through his counsel served upon the complainant and upon the village board a written demand for a verified bill of particulars. This demand was not complied with. At the beginning of the hearing and prior to the taking of testimony counsel for the petitioner moved for a dis-

missal of the charges upon the ground, among others, that the charges were indefinite, uncertain and ambiguous; that his demand for a bill of particulars had been ignored and that without such particulars he was unable to adequately prepare a defense on behalf of the petitioner. The motion was denied and the hearing proceeded without any bill of particulars or specifications of the charges. Evidence was received as to acts of misconduct alleged to have taken place over a period of from over a year to a few months prior to the filing of the charges. We think that under these circumstances petitioner was not accorded the fair trial to which he was entitled. He had been in office for a period of several years and although it is provided in section 188-f of the Village Law that such charges shall not be brought more than sixty days after the time when the facts upon which such charges are based are known to the board of trustees, it was impossible for him to anticipate or guess from the written charges what act would be urged against him as wrongful, or when it became known to the board of trustees (see *Matter of Cregier* v. *Cassidy,* 205 App. Div. 774).

"The person accused should be sufficiently apprised of the charges against him to be enabled to prepare his defense. Not only should the charge be definite as to its character, but where it consists in an act done or omitted to be done, the time and place of such act, or omission to act, should be stated with sufficient certainty to enable the party charged to be prepared to meet it; and also that the record of one trial may prevent his being harassed by a second trial or investigation upon the same charge, as an indictment should be sufficiently definite and specific in its charge to enable a person tried upon it to assert such indictment and trial in bar of a second trial for the same offense." (*People ex rel. Miller* v. *Elmendorf,* 42 App. Div. 306, 309; see, also, *Matter of Healy* v. *Blount,* 243 App. Div. 675, and *Matter of 67 Liq. Shop* v. *O'Connell,* 273 App. Div. 68.)

Evidence was introduced on behalf of the complainant and contradicted by the petitioner as to at least six separate incidents of drinking and intoxication extending over a period of more than a year. There is no way of discovering from this record what facts the trustees found upon which to render their verdict of guilty of certain of the written charges. Obviously we cannot intelligently determine whether the facts found by the trustees were based upon substantial evidence, or whether the facts as found constitute a violation of a particular rule (see *Matter of Barry* v. *O'Connell,* 303 N. Y. 46, 51 and cases cited). Had there been specifications or particulars as to the charges, the

trustees then could have recorded their findings as to each specification or particular incident in somewhat the manner in which a jury reports its verdict upon the several counts of an indictment.

The determination of the board of trustees should be annulled, with $50 costs and disbursements to the petitioner, and the proceeding remitted for rehearing upon the charges as to which petitioner has been found guilty, after a proper bill of particulars with detailed specifications of the charges have been furnished to the petitioner (see *Matter of Cregier* v. *Cassidy,* 205 App. Div. 774, *supra,* and *Matter of 67 Liq. Shop* v. *O'Connell,* 273 App. Div. 68, *supra*).

All concur. Present — McCURN, P. J., KIMBALL, PIPER, WHEELER and VAN DUSER, JJ.

Determination annulled, with $50 costs and disbursements, and proceeding remitted for rehearing in accordance with the opinion.