**832**

■ BEATRIX L. POSER, Appellant, v. ROCHESTER TELEPHONE CORPORATION, Respondent.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Monroe Trial Term dismissing the complaint in a negligence action.) Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

■ CARL G. MARCY, Respondent, v. LUDWIG PIATNIK, Appellant.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Oneida Trial Term for plaintiff in an automobile negligence action.) Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

■ GORDON MARCY, by His Guardian ad Litem, CARL G. MARCY, Respondent, v. LUDWIG PIATNIK, Appellant.— Same decision and like cause of action as in companion case of *Marcy* v. *Piatnik* (2 A D 2d 832). Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

■ In the Matter of NORMAN V. GARRY, Petitioner, against JOHN DOMINO et al., Constituting the Board of Trustees of the Village of Depew, Respondents.— Proceeding held and matter remitted to the Board of Trustees of the Village of Depew for findings as to their determination as to each of the specifications of which petitioner was found guilty under the several charges set forth in the bill of particulars. Memorandum: The petitioner, chief of police of the Village of Depew, after a second hearing before the village trustees upon written charges pursuant to section 188-f of the Village Law has been found guilty of violating certain rules of the police department and has been dismissed from the service. The charges, amplified by a bill of particulars set forth numerous acts at different times and places allegedly constituting in each instance violation of a specified rule of the department. On this proceeding under article 78 of the Civil Practice Act we are called upon to determine whether there is substantial evidence to support the alleged act or acts of misconduct and if so whether such act or acts constitute a violation of a rule of the department. This record, like the record before us on the previous review, fails to disclose what facts the trustees found upon which to render the verdict of guilty of certain of the written charges. As we pointed out in our opinion upon our review of the first hearing (*Matter of Garry* v. *Kocialski*, 286 App. Div. 314, 316), "There is no way of discovering from this record what facts the trustees found upon which to render their verdict of guilty of certain of the written charges. Obviously we cannot intelligently determine whether the facts found by the trustees were based upon substantial evidence, or whether the facts as found constitute a violation of a particular rule (see *Matter of Barry* v. *O'Connell*, 303 N. Y. 46, 51, and cases cited)". The admonition contained in that opinion has been unheeded and we again have the same situation against which we warned. We accordingly remit the matter to the village trustees to render a verdict or finding as to each of the instances of misconduct contained in the charges as amplified by the bill of particulars. Section 188-f of the Village Law provides: "Such charges shall not be brought more than sixty days after the time when the facts upon which such charges are based are known to the board of trustees or municipal board." The Board of Trustees should also make appropriate findings of fact to enable us to determine whether or not the charges of misconduct were in each instance brought within the time limited by the statute. Either party may, if so advised, introduce additional testimony upon that question. We do not at this time pass upon any question involving the merits. All concur. (Review of the action of the Board of Trustees of the Village of Depew in dismissing petitioner from his position as chief of police, which proceeding was transferred to the Appellate Division for determination by order of Erie Special Term.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Bastow, JJ.