## (September 18, 1957)

■ In the Matter of NORMAN V. GARRY, Petitioner, against JOHN DOMINO et al., Constituting the Board of Trustees of the Village of Depew, Respondents.

Proceeding under article 78 of the Civil Practice Act (transferred to the Appellate Division of the Supreme Court in the fourth judicial department by an order of the Supreme Court at Special Term, entered in Erie County) to review a determination of the Board of Trustees of the Village of Depew dismissing petitioner from the position of chief of police.

Memorandum by the Court. We construe section 188-f of the Village Law as relating to knowledge communicated to the Village Board in its corporate capacity and as not including knowledge of individual members not communicated to the board as such. It appears that John Domino, in his capacity as "Taxpayer and Trustee" of the Village of Depew, made written charges against the petitioner, chief of police, dated September 1, 1954. The village trustees at a meeting on September 7, 1954, directed that a copy of such charges be sent to the petitioner. It now appears from the testimony of the village clerk that he keeps all records of communications to the Village Board and that no charges or complaints against the petitioner have been made to the board other than the charges in question filed by Mr. Domino. We conclude that the evidence is sufficient to support the finding that the charges were brought not more than 60 days after the facts upon which such charges were based became known to the Board of Trustees, within the purview of section 188-f of the Village Law.

Kimball, J. (dissenting). In July, 1955, when this matter was first before us (*Matter of Garry* v. *Kocialski*, 286 App. Div. 314) we called attention to the provision of section 188-f of the Village Law, which provides: "Such charges shall not be brought more than sixty days after the time when the facts upon which such charges are based are known to the board of trustees or municipal board." In September, 1956, the matter was again before us (*Matter of Garry* v. *Domino*, 2 A D 2d 832). At that time we again called attention to section 188-f of the Village Law and stated: "The Board of Trustees should also make appropriate findings of fact to enable us to determine whether or not the charges of misconduct were in each instance brought within the time limited by the statute." Once again, after a further hearing on the charges against the appellant, and in March, 1957, this case was back before this court (*Matter of Garry* v. *Domino*, 3 A D 2d 811). At that time, we held the proceeding and remitted the matter to the Board of Trustees "for the taking of proof relating to the alleged finding of fact made in the last paragraph of the findings of fact to the effect that the facts upon which the charges were based were not known to the board of trustees more than 60 days before the charges were brought." We now have before us a "supplemental record" containing a transcript of testimony of six witnesses before the Board of Trustees on May 18, 1957. One would suppose that whether the Board of Trustees had knowledge of the facts upon which the charges were based and when, if ever, such knowledge was acquired would best be proved by the testimony of the members of the board. Certainly, whether other persons did or did not make or file a complaint with the board is no proof of what knowledge the board had of the facts on which the several charges were based nor proof that the board did not have any knowledge of the facts prior to the 60-day period of limitation. The portion of section 188-f of the Village Law here applicable makes no mention of the making or filing of oral or written complaints with the board

or with the clerk of the village. The fact to be proved as to *each and every specific charge* is that the facts upon which each such charge was based were not known to the board more than 60 days prior to the bringing of the several charges. It is my opinion that the proof offered and now before us fails to sustain the omnibus finding of fact upon which the determination rests. Why the admonitions of this court have been repeatedly ignored is difficult to understand. It would be futile to again remit the matter for proper and substantial proof, as there is no assurance that the village authorities would heed any further admonition or direction. Moreover, it would be manifestly unfair to the appellant to subject him to further delay in the adjudication of this matter. I am not concerned at this time with the question of whether or not appellant is guilty of any or all of the charges. It is fundamental that he may not be relieved of his office until it is established by sufficient evidence that the conditions imposed by the statute have been complied with. The determination should be annulled, the charges dismissed and the petitioner restored to duty.

Present — McCurn, P. J., Vaughan, Kimball and Bastow, JJ. All concur, except Kimball, J., who dissents and votes to annul the determination and dismiss the charges, in an opinion.

Determination confirmed, without costs.