In the Matter of SYLVIA KALINSKY, Appellant, against TONY LOZADA, Respondent. LOZA RESTAURANT, INC., by Its President, TONY LOZADA, et al., Third-Party Respondents.

First Department, November 25, 1958.

*Morton Fried* for appellant.

*Daniel M. Cohen* of counsel (*Paxton Blair* and *Barnett Levy* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for State Liquor Authority, third-party respondent.

*J. Christopher Meyer, Jr.,* of counsel (*Charles T. Hall* with him on the brief; *Breed, Abbott & Morgan,* attorneys), for Underwriters Trust Company, third-party respondent.

MEMORANDUM BY THE COURT. The facts on which these three appeals are predicated are fully set forth in the opinion of McNALLY, J., concurring in part. On the appeal from the order denying the application to commit the third-party Loza Restaurant, Inc., by its officer and director Tony Lozada—as provided in a prior order adjudging them in contempt and fining them $250 — it appears that Lozada submitted an affidavit in which he attacked the regularity of the proceedings which resulted in the adjudication of contempt and denied service of the order for his examination as an officer of the corporation and the order adjudging the corporation in contempt. Before a proper determination could have been made on the motion to commit, Special Term should have referred the issues created by Lozada's denials of service to an Official Referee to take proof thereon and to report. The same must be said of the appeal on the application to punish Lozada for contempt for violating the injunctive provisions of a subpœna and for paying out $1,200 in violation of these restraints. Here too Lozada denied that service of the subpœna was made on him. Moreover, he averred that the $1,200 paid to the bank, for which he received its draft (that

he thereafter delivered to the State Liquor Authority for renewal of a license), were not the funds of the corporation but were supplied by brothers and a friend to obtain the renewal application. Apart from the attack on the regularity of the proceedings, the averments as to the source and purpose of the $1,200 create an issue as to whether Lozada had in his possession " property or moneys belonging to the judgment debtor " as required by section 781 of the Civil Practice Act. These issues, too, should have been referred for hearing and report. It could be held, if the matter be viewed technically, that implicit in the orders of February 18 and March 29—directing the judgment debtor and third party to submit to examination—was a finding that proper service had been effected. But, as a practical matter, we should not always draw such inference solely from the direction. To do so would dissuade attorneys—in instances where there was no proper service—from submitting their judgment debtors for an examination that would be inevitable at some later date. Such willingness should not be discouraged by imposing an implied waiver of jurisdictional defects.

The orders of March 29, 1957 are therefore reversed in the exercise of discretion, with costs to abide the event, and the motions granted to the extent of directing a reference to an Official Referee to hear and report on the matters hereinabove stated, and pending such report the determination of the motions should be held in abeyance. Order [June 26, 1957] so far as appealed from unanimously affirmed for the reasons set forth in the concurring in part opinion by McNally, J., with $20 costs and disbursements to the respondents State Liquor Authority and Underwriters Trust Company.

McNally, J. (concurring in part). I concur, in part, but vote to adjudge the judgment debtor, Tony Lozada and the third-party respondent Loza Restaurant, Inc., in contempt without further hearing.

Three appeals from orders are consolidated herein. The first order appealed from denied an application to commit the third-party Loza Restaurant, Inc., by its officer and director Tony Lozada, as provided by a prior order adjudging them in contempt and fining them $250. The second order denied a motion to punish the judgment debtor Tony Lozada for paying out $1,200 in violation of a statutory restraint and not appearing for examination in supplementary proceedings as directed by a subpoena. The third order denied the judgment creditor's motion insofar as she requested a pay-over order and the entry of judgment against the State Liquor Authority and the Underwriters Trust Company.

A proper consideration of the issues requires a detailed narrative of the facts. Tony Lozada has been cast in judgment to the extent of $5,716. Proceedings supplementary to judgment were instituted by service of a subpœna upon a third-party corporation Loza Restaurant, Inc., by its officer and director Tony Lozada, returnable January 8, 1957, containing the restraint provisions of section 781 of the Civil Practice Act indorsed thereon restraining the transfer, conveyance or disposition of the judgment debtor's assets or property.

Loza Restaurant, Inc., and Tony Lozada defaulted in appearing as directed and their default was noted by Special Term on January 8, 1957. The corporation and Tony Lozada again defaulted and failed to show cause why they should not be punished for their contempt pursuant to an order to show cause signed by a Justice of the Supreme Court and duly served. Said default was noted at Special Term on January 31, 1957, when the motion to punish for contempt came on to be heard, and that default resulted in a decision granting the judgment creditor's motion to punish for contempt, fining both the corporation and Tony Lozado $250, with provision for purging the contempt by appearing and submitting to examination. An order was thereafter made and entered to that effect providing for the purging of the contempt by an appearance and submission to examination on March 15, 1957. The order further provided for the issuance of an order of commitment upon application with proof of service of said order and failure to comply therewith.

An application for commitment of the third-party Loza Restaurant, Inc., by Tony Lozada, was made returnable March 29, 1957, showing noncompliance with the directions of the previous order, to wit, nonpayment of the $250 fine and nonappearance for examination on March 15, 1957, which default in appearance was noted at Special Term. On March 29, 1957, Tony Lozada appeared and submitted an opposing affidavit which resulted in a decision denying said application upon condition that "defendant" appear for examination on March 29, 1957. An order was made and entered thereon and from this order the judgment creditor appeals.

Further proceedings supplementary to judgment were commenced on February 2, 1957, by service of a subpœna, returnable February 21, 1957, upon Tony Lozada directing his appearance and submission for examination and enjoining transfer or disposition of his funds, assets or property. Lozada's default was noted on the return date. Application was thereafter made returnable March 29, 1957 to punish Lozada for failure to appear as directed in the said subpœna and for paying out $1,200

to third parties in violation of the statutory restraint indorsed upon the subpœna. Lozada appeared and submitted an opposing affidavit which resulted in a decision denying the judgment creditor's motion upon condition that Lozada appear for examination on March 29, 1957. An order was made and entered thereon and the judgment creditor appeals therefrom.

During the pendency of the supplementary proceedings, a subpœna to examine the State Liquor Authority as a witness was served upon said Authority on February 5, 1957. Further proceedings supplementary to judgment were commenced against the State Liquor Authority on February 18, 1957, by the service upon it of a third-party subpœna directing it to appear and be examined and restraining the transfer, interference, disposition or conveyance of the judgment debtor's funds, moneys, properties, assets or indebtedness. Further supplementary proceedings were commenced against the third-party bank, Underwriters Trust Company, on February 25, 1957, by service upon said third-party bank of a subpœna calling for its examination and restraining it in similar fashion pursuant to section 781 of the Civil Practice Act. An application was made pursuant to order to show cause in which the judgment creditor sought an order under subdivision 2 of section 794 of the Civil Practice Act against the State Liquor Authority and Underwriters Trust Company, the third parties, requiring them to pay over to the judgment creditor the sum of $1,200 which it is alleged they had wrongfully received, retained and disposed of in violation of the restraint provisions of said subpœna and for the entry of judgment against them; and further directing Underwriters Trust Company to pay over to the judgment creditor the additional sum of $63.17 which said judgment debtor then had on deposit with it. This motion came on to be heard on April 12, 1957, and was granted to the extent of directing the third-party Underwriters Trust Company to pay over to the judgment creditor the sum of $63.17 which the judgment debtor had on deposit, and was denied in all other respects. An order was entered on that decision and the judgment creditor appeals.

Thus, the first order sought was predicated on Lozada's failure to comply with an order dated February 18, 1957, adjudging him in contempt for failure to appear for examination on January 8, 1957, as an officer of Loza Restaurant, Inc., and imposing a fine of $250 with provision for purging upon submission to examination on March 15, 1957. The moving affidavit alleged due service of the order of February 18, 1957, and failure to comply therewith. The judgment debtor's affidavit in opposition denied service of the subpœna for examination and alleged

attendance in opposition to the motion to punish for contempt and being then informed by the clerk of the court that the matter was not on the calendar. The judgment debtor also denied that the order of February 18, 1957 was served upon him and he alleged that on March 15, 1957 he was confined to his bed and under the care of a physician.

The second order sought was predicated on Lozada's failure to attend for examination pursuant to subpœna dated January 17, 1957, served February 2, 1957, and returnable February 21, 1957, and for violating the injunction provision in said subpœna contained pursuant to section 781 of the Civil Practice Act by transferring on or about February 19, 1957 the sum of $1,200 to Underwriters Trust Company in exchange for a cashier's check payable to the State Liquor Authority.

The third order, insofar as it denies the judgment creditor's motion for an order directing Underwriters Trust Company and/or the State Liquor Authority to pay the sum of $1,200, with interest from February 25, 1957, to the judgment creditor in partial satisfaction of the judgment herein and denies the entry of judgment, was grounded on the following facts: On February 19, 1957, the judgment debtor paid cash to Underwriters Trust Company and received in return therefor a cashier's check in the sum of $1,200 payable to the State Liquor Authority. The said check was delivered to the State Liquor Authority on February 20, 1957, with an application for a liquor license. The check was presented for payment to Underwriters Trust Company on February 26, 1957. Subpœnas in supplementary proceedings were served on the State Liquor Authority on February 5 and 18, 1957, and on Underwriters Trust Company on February 25, 1957.

Although the judgment debtor denied service of the subpœnas and the order adjudging him in contempt dated February 18, 1957, implicit in the orders of Special Term dated March 29, 1957, insofar as they direct the judgment debtor to attend for examination, is a finding of service of the subpœnas returnable January 8, 1957 and February 21, 1957, otherwise the court would have been without jurisdiction to make the conditional orders appealed from, and the judgment debtor has not appealed therefrom. The judgment debtor's alleged illness on March 15, 1957 is irrelevant in respect of his default in attendance for examination on January 8, 1957 and February 21, 1957, pursuant to the subpœnas theretofore served on him.

The judgment debtor admits the transfer of $1,200 to Underwriters Trust Company and State Liquor Authority subsequent to the service of the subpœna dated January 17, 1957, and served

upon him on February 2, 1957. The judgment debtor was thereby enjoined from transferring any money or property then or thereafter acquired by him and the transfer to Underwriters Trust Company and State Liquor Authority was without court sanction and in violation of the injunction. (Civ. Prac. Act, § 781.) The fact that said sum was "supplied" to the judgment debtor by his "brothers and a friend" cannot obscure the fact that he was in violation of the injunction in making the transfer.

The judgment debtor's opposing affidavit does not state facts creating an issue as to his possession of or title to the money. His affidavit states: "These funds did not come from the corporation. They were supplied me by my brothers and a friend to effectuate a belated and very dilatory application for renewal etc." That said sum may have been "supplied" to the judgment debtor by his brothers and a friend does not establish or tend to establish the money belonged to anyone other than himself, and the fact that the money was applied for the purpose and benefit of the judgment debtor and the respondent Loza Restaurant, Inc., is consistent only with title in the judgment debtor. We have held in a related situation that "A party who decides to take the chance that process served on him may be entirely void, and hence not dangerous if disregarded, must be prepared also to take the consequence that follows if the judicial ruling on validity of process ultimately goes against him. No system of law would remain workable if everyone had the right to exercise a safely independent judgment whether he would pay attention, or not, to the force of judicial process." (*Matter of Sverd* v. *Mostel,* 283 App. Div. 128, 129; see, also, *Matter of Cosmopolitan Mut. Cas. Co.* v. *Monarch Concrete Corp.,* 6 A D 2d 163, 167.)

On this record it appears that the judgment debtor willfully, intentionally and deliberately failed to comply with the subpœnas and order, and willfully and deliberately violated the injunction against disposition of his property, and that the rights and remedies of the judgment creditor were prejudiced, defeated and impaired thereby, and Special Term was in error in not so holding. The judgment debtor should have been fined the amount of $1,200, the sum improperly diverted in disregard of the subpœna returnable February 21, 1957 (*Fitzsimmons* v. *Ryan,* 64 App. Div. 404), and the imposition of a fine of $250 for willful violation of the subpœna returnable January 8, 1957, as provided in the order dated February 18, 1957, was proper under the circumstances. (Judiciary Law, § 773.)

The orders of March 29, 1957, denying the said motions on condition that Loza Restaurant, Inc., and Lozada appear for examination, should be reversed on the law and facts and the motions should be granted, and a fine of $1,450 imposed on the judgment debtor Tony Lozada and the third-party respondent Loza Restaurant, Inc., made up as follows: $250 as provided in the order of February 18, 1957, and an additional fine of $1,200 on the judgment debtor Tony Lozada being the sum transferred by Lozada in violation of the injunction contained in the subpœna dated January 17, 1957 and returnable February 21, 1957. The said fines should be paid within 30 days after service of the order herein and when paid should be applied in partial satisfaction of the judgment herein. Upon default in the payment of said fines or any part thereof and on proof thereof by affidavit, a commitment should issue ex parte. The judgment debtor's present financial incapacity is no defense to this application based on his willful violation; his recourse, if any, by reason thereof is under section 775 of the Judiciary Law. (*Schmohl* v. *Phillips,* 138 App. Div. 279.)

The respondent State Liquor Authority, an agency of the State of New York, is immune from suit in courts other than the State Court of Claims unless it appears that the State of New York has consented thereto. It does not appear that the State of New York has consented to or sanctioned this proceeding. (*Samuel Adler, Inc.,* v. *Noyes,* 285 N. Y. 34; *Multer* v. *State of New York,* 178 Misc. 360; *Valenza* v. *State of New York,* 14 Misc 2d 128.)

Section 121 of the Alcoholic Beverage Control Law provides for review by the Supreme Court as provided in article 78 of the Civil Practice Act as to the matters therein enumerated, and does not include the proceeding against the respondent State Liquor Authority here involved.

Section 811 of the Civil Practice Act provides that the provisions of article 45 thereof with respect to the examination of a third party are applicable to the State with the proviso "that no order permitting payment to a judgment creditor * * * shall be docketed as a judgment against the state or any officer, department, board or commission thereof. This section shall not be deemed to grant to any court jurisdiction to hear and determine claims or actions against the state not otherwise given by law to such court, and any order granted in such proceeding shall only provide for the payment of moneys not claimed by the state."

Insofar as the judgment creditor herein seeks the entry of judgment in the sum of $1,200 against the State Liquor Author-

ity, said relief is specifically precluded by section 811 of the Civil Practice Act. Moreover, the latter provision of section 811 makes clear that jurisdiction is withheld from the Supreme Court to hear and determine a disputed claim against the State Liquor Authority such as is here involved.

We do not now decide whether prior to the issuance of the liquor license the fee therefor received by the State Liquor Authority from a judgment debtor constitutes his property or a debt owing to him. (Cf. *Brearton* v. *Morgan,* 257 App. Div. 34.)

Prior to the service of the subpœna upon the respondent Underwriters Trust Company, its check in the sum of $1,200 payable to the State Liquor Authority had been delivered to the latter. Under the circumstances, it would appear that the respondent Underwriters Trust Company, at the time of the service of the subpœna, did not have property of and was not indebted to the judgment debtor herein. (*Kerr S. S. Co.* v. *Chartered Bank of India,* 292 N. Y. 253, 262.)

The order of June 26, 1957 should therefore be affirmed, with costs to the respondents State Liquor Authority and Underwriters Trust Company.

As to orders of March 29, 1957: BOTEIN, P. J., RABIN and VALENTE, JJ., concur in Memorandum by the Court; McNALLY, J., concurs in part in opinion in which STEVENS, J., concurs.

As to order of June 26, 1957: BOTEIN, P. J., RABIN, VALENTE, McNALLY and STEVENS, JJ., concur.

Orders [March 29, 1957] reversed, etc.

Order [June 26, 1957] affirmed, etc.