Riohard J. Cardamone, J.
The petitioner is a holder of a restaurant liquor license (now converted to a special on-premises license) and has brought this proceeding to stay the New York State Liquor Authority from taking any further proceedings against the petitioner; to compel the Authority to accept the surrender of petitioner’s liquor license; to compute and pay the refund due petitioner as a result of said surrender; and, finally, to return to the petitioner all the books and records belonging *394 to the petitioner which are now in the Authority’s possession. In brief the facts are as follows: the petitioner, through its attorney, attempted to surrender its liquor license on March 31, 1967. The license that was surrendered had its corporate certification completed but none of the blanks on the form, “ Petition for Surrender of License ”, were completed.
Petitioner urges that under the liberal provisions of the CPLR, article 20, this court should permit an omission to be corrected or an error to be disregarded (CPLR 2001, 2002).
Concededly, as indicated in its answering papers, this is a matter which the Authority believes is subject to review (Alcoholic Beverage Control Law, § 121, subd. 4).
Section 127 of the statute provides that if a person holding a license shall voluntarily cease to sell alcoholic beverages such person may surrender such license to the Authority for cancellation and refund and at the same time such person “ shall present to the liquor authority a verified petition setting forth all facts required to be shown by the liquor authority upon such surrender”. The petition for surrender, which here was not completed in any respect whatsoever, requires the number of the license; the name of the licensee; the date when the license is to expire; and also answers to questions regarding whether any of the officers, stockholders or directors of the corporation have been arrested or indicted or served with summons for any crime or offense within the past 12 months; or if any of the same parties had been arrested or indicted for any crime or offense committed on the licensed premises. The petition was required to be dated and signed. While the record would indicate that there was an intention to surrender the license because of the telephone call made by the petitioner’s attorney to the office of the Authority as well as the completion of the certification of the petition; nevertheless, such cannot be construed as .an effective surrender under the terms of the statute (Alcoholic Beverage Control Law, § 127). Liberality in the interpretation of statutes cannot beused as a substitution for substance (Carnival Go. v. Metro-Goldwyn-Mayer, 23 A D 2d 75; 77). The CPLR does govern the procedure in a civil judicial proceeding in all courts of this State except where the procedure is regulated by an inconsistent statute (CPLR 101). The Alcoholic Beverage Control Law does not set up a separate and distinct procedure inconsistent with the broad purposes of the CPLR. Nevertheless, where a verified petition is required to be .submitted the failure to submit any petition whatsoever cannot be construed as a mere irregularity or defect to be cured by a liberal con *395 struction. Where there is no petition at all, there is nothing to be construed.
Subsequently, the petition was surrendered on April 7, 1967. On May 3,1967, a notice of hearing was served on the petitioner by the respondent Authority. The notice of the hearing thus was made within 30 days of the date of surrender. Accordingly, the petitioner’s applications to have the respondent Authority desist from any further proceeding, to accept the surrender, and to compute the refund due, are all denied. (Valensa v. State of New York, 14 Misc 2d 128.) The petitioner’s rights will be fully preserved following the hearing and final determination of the respondent Authority under article 78 of the CPLB.
The respondent has possession of certain books and records belonging to petitioner. The petitioner has requested these books and records be returned to it. The statute provides that each licensee shall keep and maintain adequate books and records on the premises and that these records shall be available for inspection by representatives of the Authority (Alcoholic Beverage Control Law, § 106, subd. 12). There is no provision for an indefinite surrender of these records to the Authority; indeed, they may be essential to petitioner for tax or other business purposes. After making such copies of those records which it deems pertinent for its own proceeding, the Authority should immediately return to the petitioner its own books and records. (Matter of 67 Liq. Shop v. O’Connell, 273 App. Div. 68, 74.) The stay heretofore granted in this matter is vacated.