In the Matter of the Application of JULIUS J. BLUM, Appellant, for an Order against JOHN E. CONNELLY, Chairman, and Others, as Commissioners of the State Insurance Fund of the Department of Labor of the State of New York, NICHOLAS W. MULLER, Executive Director of the State Insurance Fund, GRACE A. REAVY, President, and Others, Constituting the Department of Civil Service of the State of New York, and MORRIS S. TREMAINE, Comptroller of the State of New York, Respondents.— Petitioner has appealed from an order of the Albany Special Term of the Supreme Court, made under article 78 of the Civil Practice Act, denying his application to be reinstated to the position formerly held by him as travelling auditor of the State Insurance Fund. The petitioner held the position of payroll auditor with the State Insurance Fund from August 10, 1931, until June 4, 1940, on which date he was suspended. Charges were then served upon him accusing him of receiving money for the purpose of making fraudulent audits as a result of which the State Insurance Fund was defrauded. Petitioner filed an answer to the charges. Although petitioner is neither a veteran nor an exempt fireman, he was given a hearing, as a result of which he was dismissed from the service. This court has examined the testimony of the hearing and is satisfied that the evidence is amply sufficient to justify the dismissal. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

IRA STEVENS, Respondent, v. DOMENICK E. FRABONI and ANTHONY FRABONI, Individually and as Copartners Doing Business under the Firm Name and Style of GLEN CHEVROLET COMPANY, at Watkins Glen, Schuyler County, New York, Appellants.— Plaintiff has recovered a judgment for personal injuries claimed to have arisen when the automobile in which he was driving was struck by defendants' automobile. The collision occurred at a street corner in Montour Falls, N. Y. No evidence was offered by defendants. Plaintiff's testimony shows that he was driving easterly on Second street; and when he approached Owego street, a north and south street, he stopped, looked both to the north and south and saw no car approaching. That he then started his automobile and when he had so far crossed Owego street that his front wheels were beyond its easterly curb he was struck by defendants' car. The claimed negligence of each of the parties was a question of fact. The jury could and did find for the plaintiff. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.