■ In the Matter of JOHN J. MCGRATH, Petitioner, v. WILLIAM J. KIRWAN, as Superintendent of State Police, Respondent.— *Per Curiam.* Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in St. Lawrence County) to review a determination of a former Superintendent of State Police reducing petitioner from the rank of Zone Sergeant to that of Trooper and suspending him for 45 days without pay. The hearing officer deputized by the Superintendent found that petitioner, in violation of specifically enumerated State Police Regulations, improperly struck an individual under arrest for public intoxication, that 10 days thereafter he agreed with two subordinate troopers to furnish false information about the incident, that he gave false information to an investigating officer and that he failed to record his visit while on duty to the home of one of said subordinates — findings and conclusions concurred in and approved by the then Superintendent. On questions of fact arising in proceedings involving the discipline of the members of the police force under the jurisdiction of the Superintendent of State Police, his determination on the facts is conclusive when the evidence is conflicting and contradictory — when there is, as here, substantial evidence to support the finding (*Matter of Matuljak v. Cornelius*, 19 A D 2d 921; cf. *People ex rel. Guiney v. Valentine*, 274 N. Y. 331; *People ex rel. Hogan v. French*, 119 N. Y. 493, 496–497; *People ex rel. Brown v. Greene*, 106 App. Div. 230, 232, affd. 184 N. Y. 565).

Petitioner's objection to the admission of statements, made by him during the investigation preceding the hearing, is answered in *Gardner* v. *Broderick* (392 U. S. 273) wherein it is stated (p. 278) that if "a policeman, had refused to answer questions specifically, directly, and narrowly relating to the performance of his official duties, without being required to waive his immunity with respect to the use of his answers or the fruits thereof in a criminal prosecution of himself * * * the privilege against self-incrimination would not have been a bar to his dismissal." Here, the statements related "specifically, directly and narrowly" to Sergeant McGrath's official duties and there is no proof or intimation that he was required to waive immunity. *Garrity* v. *New Jersey* (385 U. S. 493, 500), wherein it was held that "the protection of the individual under the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements obtained under threat of removal from office", is distinguishable in that this is not a criminal action or proceeding nor were the statements obtained in the course of one. The written charges and specifications, furnishing rather detailed information as to the day, time, place and acts complained of, all of recent vintage, sufficiently apprised petitioner of the charges against him so as to be enabled to prepare his defense (see *Matter of Garry* v. *Kocialski,* 286 App. Div. 314, 316; *Matter of Blum* v. *Connelly,* 24 N. Y. S. 2d 175, affd. 262 App. Div. 1056). The refusal to submit a complete copy of State Police Regulations to petitioner's attorney does not require the annulment of the Superintendent's determination in this matter. The procedure in a disciplinary action is set forth fully in the State Police Rules filed with the Secretary of State (9 NYCRR Part 479), petitioner's attorney was furnished with a copy of the regulations allegedly violated, petitioner had had a copy of all regulations and, most importantly, there has been no showing or indication of prejudice. This matter was previously remitted to Special Term (30 A D 2d 732) and it now appears without contradiction that the record of the hearing had been transcribed, was before Superintendent Cornelius and was considered by him in making his determination. Determination confirmed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum *Per Curiam.*