In the Matter of RICHARD D. ZEIDLER, Petitioner, v. BOARD OF SUPERVISORS OF THE COUNTY OF SUFFOLK, Respondent.

Second Department, July 13, 1970.

*Nicholas L. Castellano* (*Jack Korshin* of counsel), for petitioner.

*S. Stanley Kreutzer* (*Benjamin Heller* and *Ira P. Sloane* of counsel), for respondent.

*Per Curiam.* This is a proceeding pursuant to article 78 of the CPLR to review three separate determinations of the Board of Supervisors of Suffolk County, designated Resolutions Nos. 511-1969, 524-1969 and 531-1969, respectively, made after a hearing, each of which removed the petitioner from his position as a member and Chairman of the Suffolk County Water Authority. In such a review we may not review the facts generally with regard to the weight of evidence. We may only determine whether there is substantial evidence of misconduct in serious particulars. We may not substitute our judgment for that of the respondent (*Matter of Miller* v. *Kling,* 291 N. Y. 65, 69; *Matter of Weinstein* v. *Board of Regents,* 292 N. Y. 682; CPLR 7803, subd. 4). The question is whether a reasonable person might conclude that the petitioner was guilty of misconduct in office (*Matter of Tompkins* v. *Board of Regents,* 299 N. Y. 469, 474; *Matter of Sowa* v. *Looney,* 23 N Y 2d 329, 335).

In its determination No. 524-1969, the respondent found that the petitioner had acquired a financial interest in Trainor Associates at a time when it was under contract to purchase

the "Waihoja property" in Center Moriches. At that very time, the Water Authority was under contract to purchase the "Walczak property" in Center Moriches. These two parcels were only about 900 feet apart. As the petitioner contends, there was no proof in the record to support a finding that he had manipulated the contract of sale of the Waihoja property or that the sinking of a test well on the Walczak property would immediately enhance the value of the Waihoja property.

There was, however, substantial evidence to support the respondent's findings. There was proof to the effect that the Water Authority intended that the Walczak property was ultimately to be used as a water production facility and that the Waihoja property was within the area to be serviced by that facility. The respondent could also find that the creation of such a facility would eventually enhance the value of nearby parcels.

The petitioner in effect acquired a financial interest in the Waihoja property at a time when, the respondent could find, neither the public generally nor the seller was aware of the Water Authority's contract to purchase the Walczak property. Based upon these findings the respondent could properly conclude that the petitioner had violated his public trust by creating a possible conflict between his private financial interests and his public duties and that he had improperly made use of confidential information available to him by virtue of his official capacity. Such permissible findings and conclusions alone are sufficient to justify the petitioner's removal as they constitute misconduct in office, relating as they do to his fitness to properly discharge the duties of his position (cf. *People ex rel. Van Tine* v. *Purdy*, 221 N. Y. 396, 399; *Matter of Sausbier* v. *Wheeler*, 276 N. Y. 246, 251; *Matter of Gersh* v. *Village of Tuckahoe*, 23 A D 2d 258; Public Authorities Law, § 2527).

In its determination No. 511-1969, the respondent found that the petitioner's refusals to testify either at the respondent's Special Counsel's inquiry into his conduct of office or at the public hearings in connection with the filed charges were (a) inconsistent with his duty and responsibility as a public official, creating distrust as to his reliability, (b) an act of insubordination and (c) a breach of the public trust.

The petitioner's sole defense to this finding is that he is being punished for the exercise of his constitutional privilege against self incrimination. The record does not make it entirely clear that his repeated refusals to testify were based upon constitutional grounds. However, even assuming this to be the case, it

was within the respondent's power to remove him for his failure to co-operate.

The respondent had appointed the petitioner and had the statutory power to remove him. It also had the right to make relevant inquiry of him with regard to his fitness and suitability to hold his office (*Garner* v. *Los Angeles Bd.*, 341 U. S. 716; *Beilan* v. *Board of Educ.*, 357 U. S. 399). Had the petitioner testified before the respondent, his answers could not have been used against him in any subsequent criminal proceedings (cf. *Garrity* v. *New Jersey*, 385 U. S. 493). The respondent drew no inferences of misconduct from his assertion of constitutional right (cf. *Lerner* v. *Casey*, 357 U. S. 468; *Nelson* v. *Los Angeles County*, 362 U. S. 1; *Konigsberg* v. *State Bar*, 353 U. S. 252).

The petitioner had a duty to co-operate with the respondent's inquiry into the manner in which he had discharged his public duties. He was not called upon at any time to waive or relinquish any of his constitutional rights. His refusal to account for the performance of his public trust, under the circumstances here presented, formed a proper basis for his removal (cf. *Gardner* v. *Broderick*, 392 U. S. 273; *Sanitation Men* v. *Sanitation Comr.*, 392 U. S. 280).

In its determination No. 531-1969, the respondent found that the petitioner, while a member and Chairman of the Water Authority, had met with certain members of the Town Board of the Town of Brookhaven, while they met in "executive session" to consider an application made by the Jayne Avenue Corp. for a change of zone. The petitioner was then a political leader of the town and, as such, attended such sessions of the Town Board. He had a financial interest in the Jayne Avenue Corp. The respondent found that the petitioner had not disclosed his financial interest to the members of the Town Board. While we cannot condone the petitioner's conduct in this regard, such conduct does not appear to meet the statutory standard for removal, viz., "misconduct in office" (Public Authorities Law, § 2527; see, also, *Matter of Sausbier* v. *Wheeler*, 276 N. Y. 246, *supra; Matter of Gersh* v. *Village of Tuckahoe*, 23 A D 2d 258, *supra*).

Accordingly, the petition should be granted to the extent that the determination in Resolution No. 531-1969 is annulled, on the law, and the proceeding should be otherwise dismissed and the determinations in Resolutions Nos. 511-1969 and 524-1969 should be confirmed, all without costs.

CHRIST, P. J., HOPKINS, MARTUSCELLO, BRENNAN and BENJAMIN, JJ., concur.

58

Petition granted to the extent that the determination in Resolution No. 531-1969 be annulled, on the law, and proceeding otherwise dismissed and determinations in Resolutions Nos. 511-1969 and 524-1969 confirmed, all without costs.