In the Matter of ALVIN R. GRISTMACHER, Petitioner, v FRANK N. FELICETTA, as Commissioner of Police of the City of Buffalo, Respondent.

Fourth Department, May 27, 1977

*Sargent & Lippes (Nicholas Sargent* of counsel), for petitioner.

*Leslie G. Foschio, Corporation Counsel (Joesph Tringali* of counsel), for respondent.

CARDAMONE, J. This is an article 78 proceeding transferred to this court pursuant to CPLR 7804 (subd [g]). The article 78 proceeding was instituted by petitioner Alvin R. Gristmacher to vacate the determination of respondent Frank N. Felicetta, Commissioner of Police of the City of Buffalo, which found petitioner guilty of 13 of 14 specifications under seven charges sworn against petitioner as amended on December 14, 1971 by the Deputy Police Commissioner arising out of petitioner's alleged dereliction in the performance of his assigned duties as a member of the Narcotics Squad of the Buffalo Police Department. The respondent Police Commissioner determined that the appropriate punishment be dismissal from the Buffalo Police Department.

The charges, and the specifications thereunder, are divided into three separate categories: (1) Failure to comply with an order to make a report of activities on November 18, 1971 and December 3, 1971 (Charge 1, Specifications 1, 2; Charge 2, Specification 3: Charge 6, Specification 13); (2) Failure to cooperate with Federal authorities on March 1—March 20, 1971; September 10, 1971; October 13, 1971, and October 14, 1971 (Charge 3, Specifications 4, 5, 6, 7; Charge 4, Specifications 8, 9, 10, 11; Charge 5, Specification 12); and (3) Failure to produce 4.8 ounces of heroin as evidence to be used in a

criminal prosecution on October 14, 1971 (Charge 7, Specification 14).

A hearing on the charges was held before an impartial hearing officer between January 24 and February 16, 1972. The hearing officer found petitioner guilty only of Specification 10 under Charge 4 (failure to co-operate to the fullest extent possible with the United States Attorney on October 13, 1971) and recommended that the punishment be a 60-day suspension without pay. Thereafter respondent Police Commissioner undertook an independent review of the record and found petitioner guilty of all the charges and the specifications thereunder except that of Specification 11 under Charge 4 (failure to co-operate to the fullest extent with the United States Attorney on October 14, 1971). The Police Commissioner found "[t]hat there is substantial and credible evidence that:

"1. Gristmacher did, in fact, fail to cooperate with the United States Attorney in March, September and October of 1971.

"2. Gristmacher refused to account for his activities and duties while serving as a member of the Narcotics Squad.

"3. Gristmacher did, in fact, receive the heroin from Cadet Atti."

The Police Commissioner determined that the appropriate punishment for each of the 13 specifications for which he found petitioner guilty was dismissal from the Buffalo Police Department.

The issues presented on this appeal are whether there was substantial evidence considering the record as a whole to support the Police Commissioner's determinations of guilt and, as to those determinations of guilt supported by substantial evidence, whether the penalty of dismissal imposed by the Police Commissioner was an abuse of discretion.

At the hearing evidence was received which tended to show that petitioner sent Buffalo Police Department Cadet Gary Atti to retrieve certain evidence (4.8 ounces of heroin) from the Buffalo Police Department lab and that petitioner was unable to produce this evidence for an October, 1971 criminal prosecution; that in March, September and October, 1971 petitioner failed to present himself at meetings called by the United States Attorney in connection with this criminal prosecution and that petitioner failed to comply with orders on

November 18, 1971 and December 3, 1971 that he give a statement of his activities in connection with the missing heroin.

With respect to the failure to produce the heroin, the hearing officer rejected Cadet Atti's testimony "almost in toto" and found that the link of petitioner to the missing 4.8 ounces of heroin "was not even remotely established". The Police Commissioner found, however, that petitioner did in fact receive the now missing heroin from Cadet Atti. While the veracity of Cadet Atti is clearly in issue and his testimony as to dates was uncertain, he never wavered in his assertion that he did deliver the evidence to petitioner. While petitioner denied receiving the heroin from Cadet Atti, he did admit that he often had cadets secure evidence for him from the Police Department lab and that on a previous occasion he had employed a different cadet to retrieve the same evidence for him. On that occasion petitioner was less than careful in the manner in which he maintained the evidence while it was in his control. Rather than returning it promptly, he kept it for a number of days. Further, upon learning that the evidence in question in this case was missing, petitioner testified that he conducted an exhaustive search of every conceivable place— including his place in Canada, his home and his automobile— where he might have misplaced the evidence had he had possession of it.

The courts have no right to review the facts generally as to the weight of the evidence, beyond seeing to it that there is "substantial evidence" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1*, 34 NY2d 222, 230). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (*Edison Co. v Labor Bd.*, 305 US 197, 229) or evidence sufficient "to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury" (*Labor Bd. v Columbian Co.*, 306 US 292, 300). The substantial evidence standard is not a demanding one, it requires essentially only that the administrative determination appealed from be reasonable (*Matter of Pell, supra*, p 231). Thus, where substantial evidence exists, as here, to support the respondent's determination, that determination must be sustained, irrespective of whether a similar quantum of evidence is available to support another and different conclusion (*Matter of Collins v Codd*, 38 NY2d 269,

270; *Matter of Avon Bar & Grill v O'Connell,* 301 NY 150; *Matter of Stork Rest. v Boland,* 282 NY 256).

Petitioner contends that respondent's conclusions of guilt are unreasonable because they differ from the conclusions recommended by the officer who presided over the hearing and who had the opportunity to observe the witnesses. We recognize that the commissioner may not completely ignore the hearing officer's report and recommendations *(Matter of Austin v Howard,* 33 NY2d 733; *Matter of Kelly v Murphy,* 20 NY2d 205) and must afford them a certain quantum of weight. He is not bound, however, to approve them. The Court of Appeals has recently stated that "the findings of the hearing officer are not conclusive and may be overruled by the official upon whom has been imposed the power to remove or mete out the discipline, provided, of course, that the latter's action is supported by substantial evidence" *(Matter of Simpson v Wolansky,* 38 NY2d 391, 394; see, also, *Matter of Murray v Murphy,* 24 NY2d 150,154-155).

The record before us supports the commissioner's findings as to petitioner's failure to produce the heroin after it was given to him by Cadet Atti. Further, there is sufficient evidence that petitioner failed to co-operate fully with the United States Attorney during the period March 1—March 20, 1971 in failing to present the requested search warrant "immediately". He also evidenced a lack of co-operation by his failure to attend meetings on September 14 and September 17, 1971 and to meet as requested with the United States Attorney on the morning of October 13, 1971. The substantial evidence which supports the charges of petitioner's failure to co-operate with the United States Attorney also supports the related charge that petitioner's actions in these instances brought discredit upon the reputation, good order and discipline of the Buffalo Police Department.

The remaining charges relate to petitioner's failure to make a report of his activities on November 18, 1971 and December 3, 1971 in connection with the missing evidence. We find that, in direct contravention of the provisions of the collective bargaining agreement between the City of Buffalo and the Police Benevolent Association, no facilities for the recording of the request were available on November 18, 1971. Therefore, no *proper* request for petitioner to make a statement was made. Accordingly, the charges relating to petitioner's failure to make a statement on November 18, 1971 (Charge 1, Specifi-

cation 1; Charge 2, Specification 3; and Charge 6, Specification 13) must fall. However, the same is not true for the request made on December 3, 1971. On that occasion the transcript of the meeting held discloses that while new material was presented, petitioner was ordered only to give a statement with regard to the heroin investigation. Since he had been informed of the original charges against him, had been represented by an attorney and had a duty to co-operate with an inquiry involving the discharge of his public duties, there is no constitutional shield available to petitioner *(Matter of Zeidler v Board of Supervisors of County of Suffolk,* 35 AD2d 54; *Matter of McGrath v Kirwan,* 32 AD2d 700, app dsmd 25 NY2d 734, mot for lv app den 25 NY2d 744).

Turning to the discipline imposed, the standard of review where the finding of guilt is confirmed and the punishment has been imposed is whether such punishment is "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1,* 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364). The Police Commissioner found that for each and every charge proven the appropriate penalty was dismissal from the force. We cannot agree with the commissioner that each charge standing alone is of such gravity as to warrant the drastic penalty of dismissal *(Matter of Britton v County of Erie,* 46 AD2d 722). We find, however, that the punishment of dismissal is not so disproportionate to petitioner's failure to produce or explain the circumstances surrounding the missing heroin when coupled with the petitioner's failure to co-operate to the fullest extent with the United States Attorney to be shocking to our sense of fairness.

Accordingly, the commissioner's determination with respect to petitioner's failure to make a statement on November 18, 1971 as well as the penalty imposed thereon should be annulled. The commissioner's determinations on all other charges should be confirmed and the penalty of dismissal should also be confirmed.

MARSH, P. J., MOULE, SIMONS and GOLDMAN, JJ., concur.

Determination unanimously modified in accordance with opinion by CARDAMONE, J. and as modified confirmed, without costs.