■ In the Matter of CATHY CONRAD, Petitioner, v W. MICHAEL WOODHOUSE, as Commissioner of Social Services for Livingston County, Respondent. — Determination unanimously confirmed, without costs, and petition dismissed. Memorandum: Petitioner, a nurse's aide employed at the Livingston County Infirmary, commenced this CPLR article 78 proceeding seeking to annul the determination of the County Commissioner of Social Services who terminated her employment at the infirmary. The incident which gave rise to this proceeding concerned petitioner's reaction with a certain degree of anger toward an 80-year-old, senile resident, who was confined to a wheelchair at the county infirmary, which resulted in the tearing of the skin on the patient's arm. The hearing disclosed that petitioner knew that the resident patient was a demanding, and perhaps an unpleasant person, whose skin was tender and susceptible to tearing. The standard for determining whether the penalty imposed is excessive is whether it is " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (Matter of Pell v Board of Educ., 34 NY2d 222, 233; Matter of Gristmacher v Felicetta, 57 AD2d 444, 449). The facts here are not substantially in dispute and based upon the record before us, we cannot say that the appointing authority abused his discretion in terminating petitioner's employment. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Rosenbloom, J.) Present — Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.

■ In the Matter of the LOCKPORT MUNICIPAL CIVIL SERVICE COMMISSION OF THE CITY OF LOCKPORT, Respondent, v BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF LOCKPORT, Appellant. (Appeal No. 1.) — Appeal unanimously dismissed as moot. (Appeal from judgment of Supreme Court, Niagara County, Broughton, J. — art. 78 — civil service — position statement.) Present — Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.